IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON, )
) No. 37932-9-III
          Respondent, )
)
   v. )
)
DUSTIN M. BIRCH, ) UNPUBLISHED OPINION
)
          Appellant. )

     STAAB, J. — Dustin Birch entered a guilty plea in 2020 and the trial court imposed sentence and community custody conditions. The trial court waived non-mandatory legal financial obligations and imposed community custody supervision fees. The parties jointly assert that the supervision fees should be struck. The record supports the trial court's intention to waive the supervision fees. Given the State's concession, remand to strike is appropriate.

BACKGROUND

The State charged Dustin Birch with one count of failure to register as a sex offender and two counts of bail jumping. On the day of trial, Mr. Birch entered an Alford[1] plea. In his plea, he agreed that he had the ability to pay the crime victim assessment and $1,000 fine. The court found him guilty and imposed a sentence of 51 months with 9 months of community custody (including substance testing) for the bail jumping counts and a concurrent sentence on the failure to register count. During sentencing, the State asked the court to impose the mandatory $500 crime victim assessment and a $1,000 fine. Defense counsel asked the trial court to waive financial obligations in consideration of "what he's able to pay" since he was "looking at a significant amount of time in prison and is not currently working." Report of Proceedings (RP) at 29.

The court found that Mr. Birch "has the ability or likely future ability to pay the legal financial obligations imposed herein," but also indicated its intention to "follow the state's recommendation, except that I will impose only those legal/financial obligations which are mandatory." Clerk's Papers (CP) at 28; RP at 30. No income evaluation otherwise appears in the record.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

No. 37932-9-III
*State v. Birch*

The parties provided the judgment and sentence and the court signed it without objection. The judgment and sentence imposed the $500 crime victim assessment but struck the $1,000 fine at paragraph 4.1. The court filled out the community custody terms in paragraph 4.6 which included printed terms at section (B)(7) that the defendant shall "pay supervision fees as determined by DOC[2][.]" CP at 30.

Mr. Birch appeals the imposition of the DOC supervision fee. For the purpose of this appeal, he was found indigent.

ANALYSIS

RCW 9.94A.703(2)(d) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]." "Community custody supervision fees are discretionary LFOs because they are waivable by the court." *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020). However, they are not subject to indigency analysis. *Id*. at 537. Thus, they are of a subtly different character than other LFOs.

In this case, the trial court clearly intended to impose only legal financial obligations that were mandatory while waiving any discretionary fees. The State concedes that since the DOC supervision fees are discretionary, the record supports the conclusion that the trial court intended to strike the DOC fees.

---

[2] Department of Corrections.

3

No. 37932-9-III
*State v. Birch*

 We accept the State's concession and grant Birch's appeal. We remand with instructions for the superior court to strike the DOC supervision fee from the judgment and sentence.

 A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.

4